IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TOBIAS THEISEN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:22-CV-225-MJT |
| | § | |
| CITY OF BEAUMONT, | § | |
| | § | |
| *Defendant*. | § | |

## REPORT AND RECOMMENDATION OF DISMISSAL

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred Defendant's Motion to Dismiss (doc. #18) for lack of prosecution to the undersigned United States magistrate judge for consideration and disposition.

On May 13, 2023, Defendant filed a Motion to Compel discovery from Plaintiff, as Plaintiff did not respond to Defendant's discovery request.  (Doc. #13.)  At that time, Plaintiff Tobias Theisen was represented by attorneys Michael Todd Slobin and Paul Robert Harris of Shellist Lazarz Slobin, LLP ("Plaintiff's Counsel").  Plaintiff's Counsel filed an Opposed Motion to Withdraw as Counsel (doc. #14) on May 9, 2023, which the undersigned granted (doc. #24) at a hearing on June 20, 2023, of which Plaintiff received notice (doc. #22) but did not appear.  Plaintiff is now proceeding *pro se*.

Defendant seeks dismissal of this suit because Plaintiff has failed to respond to discovery. (Doc. #18.)  At the hearing on June 20, 2023, Plaintiff's former counsel made clear that Plaintiff is aware of the pending discovery but has failed to participate in the discovery despite their efforts. Additionally, Plaintiff received notice of the hearing (doc. #22) and Defendant's pending Motion

to Dismiss and Motion to Compel[1] (docs. #13, 18).  Plaintiff's failure to appear at the hearing or participate in discovery indicates a failure to prosecute this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action for failure to prosecute or for failure to comply with any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962).

Plaintiff has failed to diligently prosecute this case.  Therefore, this case should be dismissed for want of prosecution pursuant to FED. R. CIV. P. 41(b).

## Recommendation

This case should be **DISMISSED** without prejudice pursuant to FED. R. CIV. P. 41(b).

## Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district

---

[1] Plaintiff's former counsel confirmed at the hearing that Plaintiff received notice of Defendant's two pending motions.

court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 27th day of June, 2023.**

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE